ATTORNEY'S NAME: Bridges, Leanne  31638
AND ADDRESS: 1744 Jackson Street
Alexandria  LA  71309

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
STATE OF LOUISIANA

NO:  2012 – 04788  1  DIVISION: A  SECTION: 15

STATE FARM FIRE AND CASUALTY COMPANY  ET AL VERSUS BARBOUR CORPORATION  ET AL

**CITATION - LONG ARM**

TO: BARBOUR CORPORATION D/B/A ALFEX MANUFACTURING, INC.
THROUGH: THE LOUISIANA LONG ARM STATUTE, THROUGH: ITS AGENT FOR
SERVICE OF PROCESS: BRUCE PEARSON
1001 NORTH MONTELLO STREET

BROCKTON  MA  02303

**YOU HAVE BEEN SUED:**

You must either comply with the demand contained in the petition
FOR DAMAGES  w/ Request for Notice Att.
a certified copy of which accompanies this citation, or file an answer or other legal pleading in the office of the Clerk
of this Court, Room 402, Civil Courts Building, 421 Loyola Avenue, New Orleans, LA, within thirty (30) days after the
filing in te record of the affidavit of the individual attesting to the manner of delivery made through the "Long Arm
Statute" under penalty of default

**ADDITIONAL INFORMATION**
Legal assistance is advisable. If you want a lawyer and can't find one, you may call the New Orleans
Lawyer Referral Service at 504-561-8828. This Referral Service operates in conjunction with the
New Orleans Bar Association. If you qualify, you may be entitled to free legal assistance through the
New Orleans Legal Assistance Corp. You may call them at 800-624-4771 or 504-525-4431.
*********COURT PERSONNEL ARE NOT PERMITTED TO GIVE LEGAL ADVICE*********

IN WITNESS HEREOF, I have hereunto set my hand and affix the seal of the Civil District Court for
the Parish of Orleans, State of LA    May 15, 2012    .

Clerk's Office, Room 402, Civil Courts      DALE N. ATKINS, Clerk of
421 Loyola Avenue                           The Civil District Court
New Orleans, LA                             for the Parish of Orleans
                                            State of LA
                                            by _____
                                                          Deputy Clerk

**SHERIFF'S RETURN**
(for use of process servers only)

| PERSONAL SERVICE | DOMICILIARY SERVICE |
|---|---|
| On this _____ day of _____ | On this _____ day of _____ |
| _____ served a copy of the w/i petition | _____ served a copy of the w/i petition |
| FOR DAMAGES | FOR DAMAGES |
| On | On |
| BARBOUR CORPORATION D/B/A ALFEX MANUFACTURING, INC. | BARBOUR CORPORATION D/B/A ALFEX MANUFACTURING, INC. |
| THROUGH: THE LOUISIANA LONG ARM STATUTE, THROUGH: ITS AGENT FOR SERVICE OF PROCESS: BRUCE PEARSON | THROUGH: THE LOUISIANA LONG ARM STATUTE, THROUGH: ITS AGENT FOR SERVICE OF PROCESS: BRUCE PEARSON |
| Returned same day | by leaving same at the dwelling house, or usual place of abode, in the hands of _____ |
| No. _____ | a person of suitable age and discretion residing therein as a member of the domiciliary establishment, whose name and other facts connected with this service I learned by interrogating HIM / HER the said _____ |
| Deputy Sheriff of _____ | BARBOUR CORPORATION D/B/A ALFEX MANUFACTURING, INC. |
| Mileage: $ _____ | |
| _____ / ENTERED / _____ | being absent from the domicile at time of said service. |
| PAPER         RETURN | Returned same day |
| _____ / _____ / _____ | No. _____ |
| SERIAL NO.  DEPUTY  PARISH | Deputy Sheriff of _____ |

EXHIBIT A

CIVIL SUIT NUMBER: 2012-4788 A-15

| | |
|---|---|
| STATE FARM FIRE AND<br>CASUALTY COMPANY and<br>OAK PARK BAPTIST CHURCH | CIVIL DISTRICT COURT |
| VERSUS | PARISH OF ORLEANS |
| BARBOUR CORPORATION, ET AL | STATE OF LOUISIANA |

## *PETITION FOR DAMAGES*

The petition of STATE FARM FIRE AND CASUALTY COMPANY ("State Farm"), a foreign insurance corporation authorized to do and doing business in the State of Louisiana, and OAK PARK BAPTIST CHURCH, a church located in New Orleans, Orleans Parish, Louisiana, hereinafter jointly referred to as "Petitioners", with respect represent:

1.

Made defendants herein are:

**BARBOUR CORPORATION d/b/a CALFEX MANUFACTURING, INC.**, a domestic profit corporation licensed to do business in the state of Massachusetts who can be served through its agent for service of process, Bruce Pearson, 1001 North Montello Street, Brockton, MA 02303;

**WATTS WATER TECHNOLOGIES, INC.**, a foreign corporation located in Massachusetts who can be served through its agent for service of process, CT Corporation System, 155 Federal Street, STE 700, Boston, MA 02110;

**TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA**, a foreign insurance company authorized to do and doing business in the State of Louisiana, who can be served through it's agent for service of process, the Louisiana Secretary of State at 8585 Archives Boulevard, Baton Rouge, Louisiana 70809;

**ABC COMPONENT PARTS MANUFACTURER**, an unknown entity in its capacity as the manufacturer of one or more component parts of the plastic nut coupling at issue herein, who shall be more particularly identified following adequate discovery; and

**XYZ SELLER**, an unknown entity in its capacity as the seller of the plastic nut coupling at issue herein, who shall be more particularly identified following adequate discovery.

hereinafter collectively referred to as "Defendants".

1

2.

Defendants are justly and truly indebted unto Petitioners for such sums as are reasonable in the premises, together with legal interest from date of judicial demand until paid, and for all costs of these proceedings.

3.

OAK PARK BAPTIST CHURCH is located at 1110 Kabel Drive in New Orleans, Louisiana, and is insured by STATE FARM.

4.

On or about May 13, 2011, the water supply line plastic coupling nut manufactured by BARBOUR CORPORATION, CALFEX MANUFACTURING, INC., WATTS WATER TECHNOLOGIES, INC. and/or ABC COMPONENT PARTS MANUFACTURER, malfunctioned and failed causing flooding to occur in the Residence, which resulted in water damage to the church.

5.

Based upon information and belief, on June 2, 2006, Watts Water Technologies, Inc. acquired Calfex Manufacturing, Inc.

6.

The cause of the flooding was due to a defect in or failure of the subject water supply line plastic coupling nut, including but not limited to other component parts, as manufactured by BARBOUR CORPORATION, CALFEX MANUFACTURING, INC., WATTS WATER TECHNOLOGIES, INC. and/or ABC COMPONENT PARTS MANUFACTURER.

*Products Liability of Manufacturers*

7.

BARBOUR CORPORATION, CALFEX MANUFACTURING, INC. and/or WATTS WATER TECHNOLOGIES, INC., and/or ABC COMPONENT PARTS MANUFACTURER are the manufacturers of the water supply line plastic coupling nut and/or component parts thereof, and Petitioners are claimants who have sustained damages as defined under the terms of the Louisiana Products Liability Act.

8.

At all pertinent times hereto, the subject water supply line plastic coupling nut manufactured by BARBOUR CORPORATION, CALFEX MANUFACTURING, INC. and/or WATTS WATER TECHNOLOGIES, INC., and/or the component parts thereof manufactured by ABC COMPONENT PARTS MANUFACTURER, was unreasonably dangerous and defective pursuant to the Louisiana Products Liability Act.

9.

Pursuant to La. R.S. 9:2800.55, Petitioners specifically allege that the product manufactured by BARBOUR CORPORATION, CALFEX MANUFACTURING, INC. and/or WATTS WATER TECHNOLOGIES, INC., and/or the component parts thereof manufactured by ABC COMPONENT PARTS MANUFACTURER, was unreasonably dangerous in construction and/or composition.

10.

BARBOUR CORPORATION, CALFEX MANUFACTURING, INC. and/or WATTS WATER TECHNOLOGIES, INC., and/or ABC COMPONENT PARTS MANUFACTURER, are liable unto Petitioners for all damages set forth herein due to their negligence in failing to properly manufacture the water supply line plastic coupling nut as it was unreasonably dangerous in construction and composition because defects of an unknown source existed therein which originated from the water supply line plastic coupling nut.

11.

The water supply line plastic coupling nut and its components parts were unreasonably dangerous in construction or composition, because at the time that these products left the manufacturer's control, they deviated in a material way from the manufacturer's specifications or performance standards for the product at issue or from otherwise identical products manufactured by the defendants in regards to the water supply line plastic coupling nut.

12.

Alternatively, the water supply line plastic coupling nut and its components parts were unreasonably dangerous in construction or composition, because at the time that this product left the manufacturer's control, they deviated in a material way from the manufacturer's

3

specifications or performance standards for the product at issue or from otherwise identical products manufactured by the same manufacturer in the following particulars:

a) The water supply line plastic coupling nut would fail and/or leak and cause flooding as a result of a defect within this water supply line plastic coupling nut;

b) The probability of the water supply line plastic coupling nut would fail and/or leak and cause flooding as a result of the defect within this water supply line plastic coupling nut;

c) The defect in the water supply line plastic coupling nut cannot be identified and detected until the owner has sustained a loss;

d) The water supply line plastic coupling nut had faulty component parts, which lead to a leak and later a flooding;

e) The water supply line plastic coupling nut had a leak of an otherwise unknown origin which lead to a flood; and

f) The water supply line plastic coupling nut, along with its component parts, was manufactured with substandard and/or defective materials which resulted in a leak in the water supply line plastic coupling nut.

13.

Petitioners allege that a hidden manufacturing vice or defect existed at the time of the purchase by OAK PARK BAPTIST CHURCH.

14.

Pursuant to La. R.S. 9:2800.56, Petitioners specifically allege that the above-described product was unreasonably dangerous in design.

15.

The water supply line plastic coupling nut and its components parts are unreasonably dangerous in design, because at the time the product left the manufacturer's control:

a) There existed an alternative design for the product that was capable of preventing damage to OAK PARK BAPTIST CHURCH; and

b) The likelihood that its design would cause damage to petitioners and the gravity of that damage outweighed the burden on the manufacturer of adopting such alternative design on the utility of the product.

16.

4

At all times pertinent hereto, the manufacturer of the water supply line plastic coupling nut and its component parts knew or should have known that the water supply line plastic coupling nut and its components parts were defective in composition, construction and design and posed an unreasonable risk of harm to the public, including Petitioners, because:

a) The water supply line plastic coupling nut would leak and cause flooding as a result of a defect within this water supply line plastic coupling nut;

b) The probability of the water supply line plastic coupling nut would leak and cause flooding as a result of the defect within this water supply line plastic coupling nut;

c) The defect in the water supply line plastic coupling nut cannot be identified and detected until the owner has sustained a loss;

d) The water supply line plastic coupling nut had faulty component parts, which lead to a leak and later flooding;

e) The water supply line plastic coupling nut had a leak of an otherwise unknown origin which lead to a flood; and

f) The water supply line plastic coupling nut, along with its component parts, was manufactured with substandard and/or defective materials which resulted in a leak in the water supply line plastic coupling nut.

17.

The manufacturers did not take the appropriate steps to review its product and to ensure that it was not put into the stream of commerce in such a defective condition.

18.

Pursuant to La. R.S. 9:2800.57, Petitioners specifically allege that the manufacturers failed to incorporate adequate warnings regarding the potential failure of its product and that the product possessed a dangerous characteristic that can and does cause damage and harm and the manufacturer failed to use reasonable care to provide an adequate warning of the dangerous characteristics of their product.

19.

The manufacturers of the water supply line plastic coupling nut and its component parts failed to provide an adequate warning of the dangerous characteristics of its product, specifically in regards to the following:

a) The water supply line plastic coupling nut would leak and cause a flooding as a result of a defect within this water supply line plastic coupling nut;

5

b) The probability of the water supply line plastic coupling nut would leak and cause flooding as a result of the defect within this water supply line plastic coupling nut;

c) The defect in the water supply line plastic coupling nut cannot be identified and detected until the owner has sustained a loss;

d) The water supply line plastic coupling nut had faulty component parts, which lead to a leak and later flooding;

e) The water supply line plastic coupling nut had a leak of an otherwise unknown origin which lead to a flooding; and

f) The water supply line plastic coupling nut, along with its component parts, was manufactured with substandard and/or defective materials which resulted in a leak in the water supply line plastic coupling nut.

20.

Pursuant to La. R.S. 9:2800.58, Petitioners specifically allege that manufacturers' products were unreasonably dangerous because they failed to conform to an express warranty made by the manufacturer about its products, specifically that the water supply line plastic coupling nut was safe to operate and would not leak upon operation.

21.

The damage caused to the water supply line plastic coupling nut was caused by the fault of BARBOUR CORPORATION, CALFEX MANUFACTURING, INC. and/or WATTS WATER TECHNOLOGIES, INC., and/or ABC COMPONENT PARTS MANUFACTURER which consisted of the following:

a) Producing, making, fabricating, constructing, designing, remanufacturing, reconditioning, refurbishing, testing, assembling, installing, marketing, advertising, distributing, selling, retailing, placing in the stream of commerce and/or warranting the water supply line plastic coupling nut and its components parts that were defective in composition, construction, as specified in particular above;

b) Producing, making, fabricating, constructing, designing, remanufacturing, reconditioning, refurbishing, testing, assembling, installing, marketing, advertising, distributing, selling, retailing, placing in the stream of commerce and/or warranting the water supply line plastic coupling nut and its components parts that were defective design as specified in particular above;

c) Producing, making, fabricating, constructing, designing, remanufacturing, reconditioning, refurbishing, testing, assembling, installing, marketing, advertising, distributing, selling, retailing, placing in the stream of commerce and/or warranting the water supply line plastic coupling nut and its components parts that were compiled with substandard or defective materials, as stated in particular above;

d) Producing, making fabricating, constructing, designing, remanufacturing, reconditioning, refurbishing, testing, assembling, installing, marketing, advertising, distributing, selling, retailing, and/or placing in the stream of commerce the defective water supply line plastic coupling nut its components parts that were warranted;

e) Upon information and belief, deceptively misrepresenting, concealing, and suppressing information about the defective nature and potential failure of the water supply line plastic coupling nut and its components parts which were likely to leak and cause flooding;

f) Upon information and belief, publishing deceptive and misleading advertising that emphasized that the water supply line plastic coupling nut and its components parts were safe, reliable and free from known safety defects when, in fact, they were not, as specified in particular above;

g) Failure to warn consumers that the water supply line plastic coupling nut and/or its component parts might be faulty, defective in design and/or quality of materials or workmanship or manufactured with substandard material and may be subject to failure;

h) Failing to take the appropriate steps to review its product and to ensure that it was not put into the stream of commerce in such a defective condition, as specified in particular above;

i) Offering a defective product into the stream of commerce that was intended for inevitable sale to the consumer public, when it was foreseeable that the water supply line plastic coupling nut and its components parts would be used without inspection for defects by the users, as specified in particular above;

j) Knowingly offering into the stream of commerce the water supply line plastic coupling nut that it knew or should have known had a propensity for leaking and causing a flood, as specified in particular above;

k) Failure to change their design and/or manufacturing processes for the water supply line plastic coupling nut and its components parts which were likely to leak and cause flooding, as specified in particular above;

l) Failure to warn the public of a propensity of the water supply line plastic coupling nut and its components parts that would leak and cause flooding, as specified in particular above; and

m) Upon information and belief, concealing known dangers of the design of the water supply line plastic coupling nut and its components parts, as specified in particular above.

### *Contract / Redhibition Claims*

22.

Additionally, at the time and place of the sale, distribution and supply of the water supply line plastic coupling nut, XYZ SELLER expressly represented and warranted that the product was safe, and expressly warranted that the product was reasonably fit for its intended and

ordinary use and purpose and was of marketable quality. In fact, however, the product was unfit and unsafe for its intended and ordinary use and purpose by consumers and was not of marketable quality or safe.

23.

At the time and place of the sale of the above described product by XYZ SELLER, the product was not reasonably fit or safe for its intended purpose and, therefore, was not of marketable quality, and constituted an extreme hazard and danger to persons using said product, such that XYZ SELLER breached these warranties by failing to warn of known or readily ascertainable potential failures associated with this product.

24.

Further, the flooding and resulting damages sustained by OAK PARK BAPTIST CHURCH were caused by redhibitory defects in the subject water supply line plastic coupling nut.

25.

OAK PARK BAPTIST CHURCH was not aware of any defects existing at the time of the sale of the subject water supply line plastic coupling nut, nor should they have been presumed to discover such defects as a reasonably prudent buyer.

26.

The redhibitory defects complained of existed at the time of the purchase of the subject water supply line plastic coupling nut by OAK PARK BAPTIST CHURCH.

27.

The redhibitory defects complained of rendered the subject water supply line plastic coupling nut absolutely useless, or its use so inconvenient that the OAK PARK BAPTIST CHURCH would not have purchased the subject water supply line plastic coupling nut if they had known of the defects at the time of purchase thereof.

28.

XYZ SELLER knew or should have known of the existence of the defects in the subject water supply line plastic coupling nut.

29.

Petitioners further show that STATE FARM and its insured, OAK PARK BAPTIST CHURCH, are free from any fault or negligence that could be said to be a contributing or proximate cause of the incident that forms the basis of this lawsuit.

30.

Upon information and belief, at all times pertinent hereto, there was in full force and effect a policy of automobile liability insurance, Claim Number AFI0136, issued by TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA in favor of BARBOUR CORPORATION, CALFEX MANUFACTURING, INC., WATTS WATER TECHNOLOGIES, INC., and/or ABC COMPONENT PARTS MANUFACTURER, providing coverage for such damages as sustained in the aforementioned accident.

31.

At all times pertinent hereto, there was in full force and effect a policy of insurance issued by STATE FARM in favor of OAK PARK BAPTIST CHURCH, providing coverage for the church, and as a result of such contractual commitment and as a result of the damages to the aforementioned Residence, STATE FARM paid to or on behalf of OAK PARK BAPTIST church certain sums toward the damages sustained to the church under the provisions of the insurance policy such that. STATE FARM is therefore legally, contractually and conventionally subrogated to the rights of its insured for all amounts paid by STATE FARM to or on behalf of OAK PARK BAPTIST CHURCH as a result of the aforementioned damages.

32.

Petitioners further show that Defendants are liable unto STATE FARM for any and all amounts paid to or on behalf of OAK PARK BAPTIST CHURCH for damages sustained and any additional payments made for damages to or on behalf of OAK PARK BAPTIST CHURCH

9

as a result of the aforementioned incident, together with legal interest thereon from date of judicial demand until paid, and for all costs of these proceedings.

33.

Under the terms and conditions of the policy issued by STATE FARM in favor of OAK PARK BAPTIST CHURCH and as a result of the incident herein described, OAK PARK BAPTIST CHURCH incurred a deductible for which they seek recovery herein.

34.

Petitioners seek an award just and adequate under the premises herein; however, the amount sought is above the jurisdictional limits required for a trial by jury.

WHEREFORE, STATE FARM and OAK PARK BAPTIST CHURCH pray:

- a) That this petition be filed and that each Defendant be served with a copy of same and each be cited to appear and answer said petition within the delays allowed by law;

- b) That after trial be had, there be judgment rendered herein in favor of Petitioners, STATE FARM FIRE AND CASUALTY COMPANY and OAK PARK BAPTIST CHURCH, and against Defendants, BARBOUR CORPORATION d/b/a CALFEX MANUFACTURING, INC. and/or WATTS WATER TECHNOLOGIES, INC., TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, ABC COMPONENT PARTS MANUFACTURER and XYZ SELLER, for all sums due in the premises, together with legal interest on all sums from date of judicial demand until paid, and for all costs of these proceedings; and

- c) For all orders necessary and proper in the premise throughout this litigation, and for full, general, and equitable relief.

Respectfully submitted,

ARMOUR LAW FIRM
(A Limited Liability Company)

By: _[signature]_
BONITA PREUETT-ARMOUR
   La. Bar Roll No. 21827
LEANNE L. BRIDGES
   La. Bar Roll No. 31638
   1744 Jackson Street (71301)
   P. O. Box 710
   Alexandria, Louisiana 71309
   TEL: (318) 442-6611
   FAX: (318) 442-6970
*ATTORNEYS FOR STATE FARM FIRE AND CASUALTY INSURANCE COMPANY and OAK PARK BAPTIST CHURCH*

## SERVICE INSTRUCTIONS:

*Please serve a copy of this "Petition for Damages" and citation upon the following named Defendants:*

**BARBOUR CORPORATION d/b/a CALFEX MANUFACTURING, INC.**
    through its agent for service of process
    Bruce Pearson
    1001 North Montello Street
    Brockton, MA 02303

**WATTS WATER TECHNOLOGIES, INC.**
    through its agent for service of process
    CT Corporation System
    155 Federal Street, STE 700
    Boston, MA 02110

**TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA**
    through its agent for service of process
    The Louisiana Secretary of State
    8585 Archives Boulevard
    Baton Rouge, Louisiana 70809



A TRUE COPY
DEPUTY CLERK

CIVIL SUIT NUMBER:_____

STATE FARM FIRE AND
CASUALTY COMPANY and
OAK PARK BAPTIST CHURCH

CIVIL DISTRICT COURT

VERSUS

PARISH OF ORLEANS

BARBOUR CORPORATION, ET AL

STATE OF LOUISIANA

## REQUEST FOR NOTICE

In accordance with the provisions of the Louisiana Code of Civil Procedure, you are hereby requested to give us written notice, by mail, ten (10) days in advance of the date fixed for trial of this case, whether on exceptions, rules or the merits thereof.

In accordance with the provisions of the Louisiana Code of Civil Procedure, you are also requested to send us immediate notice of any order of judgment made or rendered in this case, upon entry of such order of judgment.

Respectfully submitted,

ARMOUR LAW FIRM
(A Limited Liability Company)

By: _____
Bonita Preuett-Armour (#21827)
Leanne L. Bridges (#31638)
1744 Jackson Street
P.O. Box 710
Alexandria, Louisiana 71301
(318) 442-6611
(318) 442-6970 - fax

Attorneys for State Farm Fire and Casualty Company
and Oak Park Baptist Church